56 CCPA

**Application of Louis H. MORIN.**
**Patent Appeal No. 8079.**

United States Court of Customs and Patent Appeals.

Feb. 6, 1969.

**1314**

Burgess, Ryan & Hicks, New York City (John F. Ryan, New York City, of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and Judges RICH, ALMOND, BALDWIN, and KIRKPATRICK *.

WORLEY, Chief Judge.

The issue here is whether the Board of Appeals committed reversible error in sustaining the examiner's rejection of claims 1, 2 and 6–8 [1] as unpatentable in view of certain prior art under 35 U.S.C. § 103.

The invention relates to intercast plastic articles which are so cast as to provide free relative movement of the interconnected elements of the article with respect to each other—for example, a ball and socket, or a nut and bolt. One part, e. g., the ball, is cast by injection molding using a higher melting thermoplastic resin, while a second part, e. g., the socket, is cast at least partially about the first using a lower melting thermoplastic resin. The difference in melting point of the resins employed prevents fusion of the two cast parts, thus allowing relative movement between them. Claim 1 is representative:

1. A product of the character defined comprising two thermoplastic elements arranged one upon the other, said elements being relatively and freely movable, one element comprising a molded thermoplastic of one melting point, the other element being arranged upon the first element, and said other element comprising a molded thermoplastic of a melting point lower than the melting point of said first element.

Claims 1, 2, 7 and 8 were rejected under § 103 in view of Mainardi [2] alone, with Arenson [3] and Morin [4] being relied on in conjunction with Mainardi for certain details of claim 6. As noted by the examiner and board, the main difference between Mainardi and appellant is that Mainardi, in intercasting a threaded container cap with a thermoplastic container body and container head utilizing the cap as a mold, expressly employs a cap which:

\* \* \* may be made of metal or of *a plastic material preferably a thermo-setting resin*, and, *in any case* the *melting temperature of said resin* must be *higher* than the *melting temperature of the plastic material constituting the body of the container*. [Emphasis supplied.]

Said the board:

\* \* \* We are of the opinion that the words "metal or of a plastic material preferably a thermosetting resin" would include or make obvious the use of thermoplastic material for the cap \* \* \* to one with ordinary skill in the art. \* \* \*

---

1. Appearing in application serial No. 396,-455, filed August 17, 1964 for "Intercast Relatively Movable Plastic Elements." The application is a division of serial No. 203,759, filed June 20, 1962.

2. U. S. Patent 2,945,266 issued July 19, 1960.

3. U. S. Patent 3,038,194 issued June 12, 1962.

4. U. S. Patent 2,768,415 issued October 30, 1956.
 Inasmuch as appellant has only cursorily discussed the Arenson and Morin references in his brief, and has not pointed out where the board erred in employing them to sustain the rejection of claim 6, those references need no further discussion on our part.

 

We can say little more than that we agree with the board. There being, in general, but two classes of plastic resins —thermosetting and thermoplastic—the use of thermoplastic resins possessing the requisite melting point for the cap of Mainardi would be no less obvious to one of ordinary skill than the use of thermosetting resins.

We have examined the other allegations of error asserted by appellant, but find no merit in them. The decision is affirmed.

Affirmed.

KIRKPATRICK, J., took no part in the decision of this case.